IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM DEJOLIE and
SAMMIA DEJOLIE,
on their own behalf and
on behalf of all others similarly situated

    Plaintiffs,

v.                                                   Case No. 1:17-cv-00733-KK-SCY

T&R MARKET, INC.,
TANCORDE FINANCE, INC.,
T&R PAWN, LLC, and
T&R TAX SERVICE, INC.,

    Defendants.

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

THIS MATTER came before the Court upon the Plaintiffs' Unopposed Motion for Final Approval of Settlement Agreement. [Doc. 67] Defendants do not oppose the Motion. The Court held a hearing on December 10, 2018, at which the parties were in attendance. The Court has reviewed the record and considered the briefing submitted by Plaintiffs, and HEREBY FINDS AS FOLLOWS:

1. This Court has jurisdiction over the parties and subject matter herein.

2. This lawsuit was filed in 2017, asserting, *inter alia*, violations of the Truth in Lending Act ("TILA") and the New Mexico Unfair Practices Act ("UPA"). Plaintiffs' claims concern Defendants' issuance of tax refund anticipation loans. Plaintiffs allege that between November 1, 2014 and July 13, 2017, the date this lawsuit was filed, all of Defendants' holiday loans and instant cash loans understated the true finance charge and annual percentage rate ("APR").

1

This made the loans appear less expensive than they really were, and gave Defendants an unfair competitive advantage against other lenders.

3. Defendants deny that they violated the law and raised legal and factual defenses to Plaintiffs' claims.

4. The parties conducted discovery and extensive investigation of Plaintiffs' claims.

5. The parties engaged in a settlement conference with the Honorable Kirtan Khalsa on May 11, 2018, at which they reached an agreement to settle this case.

6. The parties submitted a written settlement agreement for preliminary Court approval on July 30, 2018. [Doc. 55]

7. The Court granted preliminary approval to Plaintiffs' settlement agreement and directed that Court-approved notice be sent to class members, advising them of the proposed settlement, the rights to opt out or object, and the final fairness hearing. [Doc. 62]

8. Plaintiffs sent notice to class members as ordered. The great majority of the nearly 15,000 class members were located, following extensive procedures by Plaintiffs to assure the broadest possible notice. The Court finds that the notification process satisfied Fed.R.Civ.P 23 and the requirements of due process.

9. Only three class members excluded themselves. [Docs. 64-66]

10. One class member, Barney L. Willie, objected. [Doc. 63] However, his objection failed to comply with the Court's Order Granting Preliminary Approval, including failing to state any grounds. [Doc. 62] The Court finds that Mr. Willie's objection does not weigh against granting final approval to the settlement agreement.

11. The parties also complied with the Class Action Fairness Act, 28 U.S.C. §1715. [Doc. 56] No responses have been received from any of the public officials notified. More than 90 days have elapsed since the notice was mailed, and as such, the Court may enter a final order. *Id.*

12. The Court ratifies its earlier finding that this case is maintainable as a class action. [Doc. 62] The class is so numerous that joinder of all members is impracticable. There are questions of law and fact common to the class. The claims of Mr. and Mrs. DeJolie are typical of the claims of the class members. Mr. and Mrs. DeJolie will fairly and adequately protect the interests of the class, having retained counsel experienced in class actions and having no conflict with the interests of the class. The common questions of law and fact predominate over questions affecting individual class members, and a class action is a superior means of adjudication.

13. The class is defined as: All persons who entered into Holiday Loans or Instant Cash Loans or both or who otherwise were charged any Credit Check Fees with any of the Defendants between November 1, 2014 and July 13, 2017.

14. The Court finds that the settlement agreement resulted from extensive arms-length negotiations, and was concluded after counsel for the parties had conducted adequate investigation.

15. The Court finds that the settlement terms are fair, reasonable and adequate and in the best interests of the class, considering possible benefits to the class that could be achieved by further litigation, the length of time this action has been pending and is likely to continue, the expenses of further litigation, the risk and costs of further delay, the complexity of this litigation, and the risk to the class of achieving a less favorable outcome.

   For these reasons, IT IS HEREBY ORDERED as follows:

A. The Court finds that the settlement agreement is fair, adequate, and reasonable and grants

final approval to it.

B. The Court finds that payment to class counsel of $190,000 is appropriate and approves such payment. No class members objected to this award of fees. This payment is well within the standards established in the Tenth Circuit for payment according to the "percentage of the fund" method. The Court has reviewed the factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974) and finds that they weigh in favor of this award of attorney's fees, as follows:

1. Plaintiffs' counsel invested considerable time and labor in this case.
2. This case presented novel and difficult questions.
3. Plaintiffs' counsel demonstrated considerable skill in litigating this case, including addressing technical and specialized questions of law.
4. The time commitment required by this case precluded other employment by Plaintiffs' counsel.
5. The requested fee is commensurate with the customary fee for similar cases in the Tenth Circuit.
6. Plaintiffs agreed to a contingency fee, and Plaintiffs' counsel litigated this case without remuneration and with the risk of nonpayment.
7. The complete resolution of this case a relatively short time reflects that it was litigated in an expeditious manner.
8. Plaintiffs obtained an excellent result for the class.
9. Mr. Mattison has years of experience litigating consumer cases in New Mexico, and has developed a reputation as a skilled and determined advocate.
10. This case was challenging and risky to litigate. It was not a "desirable" case to many

in the legal community.

11. Plaintiffs' counsel served throughout this litigation, creating a long-standing professional relationship.

12. The award of attorney's fees in this case is consistent with awards in similar cases in the Tenth Circuit.

C. The Court finds that an award of costs of up to $35,000 is reasonable and appropriate, and approves payment of such costs. Any unspent costs shall be distributed to class members if economical and practicable, and to the *cy pres* recipients if not.

D. The Court finds that payment of a service award to named Plaintiffs William and Sammia DeJolie in the amount of $5,000, $2,500 each, is reasonable. No class members objected to the service award. Mr. and Mrs. DeJolie invested substantial effort in this class action, and without their contributions, there would be no fund to distribute to class members. Mr. and Mrs. DeJolie's commitment was dramatically greater than it would have been had this case been brought as an individual action.

E. Should there be any remaining settlement funds that cannot practicably and economically be distributed to class members, the Court approves award of such funds to the following *cy pres* recipients in equal shares: Equal Access to Justice, Inc., and Battered Family Services, Inc.

F. The parties are directed to implement the Settlement Agreement in accordance with its terms.

G. The release in this case is conditioned upon the payment by Defendants set forth in the Settlement Agreement.

H. The Court retains jurisdiction over the interpretation, enforcement and implementation of both the Settlement Agreement and this Order.

IT IS SO ORDERED.

_Kirtan Khalsa_
Honorable Kirtan Khalsa
United States Magistrate Judge
Presiding by Consent

Submitted:

*/s/Nicholas Mattison*
Nicholas Mattison
Richard N. Feferman
Feferman, Warren & Mattison, attorneys for Plaintiffs
300 Central Ave., SW, Suite 2000 West
Albuquerque, NM 87102
(505) 243-7773

Approved:

*Approved via email*
Thomas Lynn Isaacson
Mason & Isaacson, P.A.
P.O. Box 1772
Gallup, NM 87305
(505)722-4463
Counsel for Defendant Tancorde Finance, Inc.

*Approved via email*
Charles J. Vigil
Rodey, Dickason, Sloan, Akin & Robb, P.A.
P.O. Box 1888
Albuquerque, NM 87103
(505)765-5900
Counsel for Defendant T&R Tax Service, Inc.

*Approved via email*
James J. Widland
Miller Stratvert P.A.
P.O. Box 25687
Albuquerque, NM 87125
(505)842-1950
Counsel for Defendants T&R Market, Inc. and T&R Pawn, LLC